**Keith CHANDLER, Plaintiff–Appellant,**

v.

**Pete WILSON, Governor, of the State of California; State of California; California Youth & Adult Correctional Agency; Joe Sandoval, Secretary, Youth and Adult Correctional Agency; California Department of Corrections; California Board of Prison Terms;**

---

\* The Honorable Louis F. Oberdorfer, Senior United States District Judge for the District of Columbia, sitting by designation.

**Ted Rich, Chief Executive Officer, CA Board of Prison Terms; Thomas Giaquinto, Commissioner, CA Board of Prison Terms; Carol Bentley, Commissioner, CA Board of Prison Terms, Defendants–Appellees.**

No. 06–15311.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2007.

Filed Dec. 12, 2007.

Steven C. Sanders, Esq., Sanders & Associates, West Sacramento, CA, for Plaintiff–Appellant.

David N. Sunada, Esq., Office of the Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: D.W. NELSON and REINHARDT, Circuit Judges, and OBERDORFER \*, Senior Judge.

MEMORANDUM \*\*

Appellant Keith Chandler appeals the district court's dismissal of his § 1983 civil rights action. We affirm.

Defendants Giaquinto and Bentley are entitled to quasi-judicial immunity for adjudicatory functions they perform as members of the parole board. *Sellars v. Procunier,* 641 F.2d 1295, 1302–03 (9th Cir. 1981). Chandler urges that we reconsider this ruling, but we are not free, as a three-judge panel, to overrule circuit precedent.

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

See *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir.2001). Chandler also argues that the defendants are not entitled to quasi-judicial immunity because they abdicated their discretion and followed Governor Wilson's politically motivated orders to deny parole to all convicted murderers. The *Sellars* court acknowledged the risk that absolute immunity for parole board members would leave "the genuinely wronged prisoner without civil redress against the official whose malicious or dishonest actions deprive the prisoner of liberty." *Sellars*, 641 F.2d at 1303. Nevertheless, the court held that the risk of unredressable civil rights violations was outweighed by the need to protect parole board members from the threat of lawsuits and the burden of defending their decisions in court. *Id.* Thus, *Sellars* permits no exception for a parole board member's failure to exercise his discretion.

We also affirm the district court's dismissal of the claims against defendant Rich, the Chief Executive Officer of the Parole Board. We need not reach the question of qualified immunity because, as the district court held, Rich was not empowered to interfere with or affect the parole board's or the governor's decisions with respect to Chandler's parole. He was a communicator of the governor's orders, not an enabler. Thus, he cannot be held responsible for any civil rights violations that may have resulted.

**AFFIRMED.**